BARTHOLOMEW v. FAYETTE IRR. CO.

No. 1710.

On Rehearing.

REAFFIRMED (former opinion page 1).

STRAUP, J.

On application of the respondent a rehearing was granted in this cause. On further consideration of the case we are satisfied with the conclusion reached that the respondent, as a corporation, in its corporate capacity, has not the right to regulate or distribute the waters of the creek, the use of which belonged to the plaintiff. All that we have said on that question in our former opinion is reaffirmed by us. It, however, is urged by respondent that, in making the statement that the north and south bench ditches were consolidated, we have misconceived the facts. But such statement of fact is immaterial, so far as it relates to the right of respondent as a corporation to take charge of the ditches and to control the regulation and distribution of the waters of the creek, as against the plaintiff, who was not a stockholder of the corporation, and who had not given his consent to its regulating and distributing the water. It is claimed that such fact, however, affects the plaintiff's right to the use of the water; that is to say, assuming that the north and south bench ditches were consolidated into the south bench ditch, it gave plaintiff the right take and use all of his water through that ditch, when in fact his right to use the water was through both. While such conclusion might be drawn from the assumption of consolidation, yet the direction of this court to the trial court was to award to plaintiff the use of the water as prayed for in his complaint, which was through both the field ditches. On the basis that the entire creek contains 565 shares or acres of water, it is conceded that plaintiff is entitled to thirty-nine and fraction acres or shares thereof. The controversy in the case was mainly as to the right of the defendant corporation to regulate and distribute the waters of the creek, and

also as to whether the plaintiff was entitled to use the water every ten or twelve days for nineteen and twenty hours, as he contended, or whether he was entitled to use it every twenty or twenty-one days for thirty-nine hours as the defendant contended. Both these propositions were decided in favor of plaintiff, and to that ruling we still adhere.

It is still insisted by the respondent that, by plaintiff's transferring water from the field ditches into the city ditch, his land can be as conveniently and economically irrigated as through the field ditches, and that by so doing such use as is claimed by him can be made of his water. But, as pointed out in our former opinion, neither the evidence nor the findings show, nor does the decree grant him, such right. As far as the evidence goes, it shows that the plaintiff has the right to the use of the water only through the field ditches. Nor can we say from this record that plaintiff's land can be as conveniently and economically irrigated through the city ditch as through the field ditches. Nor can we determine from the record the proportional rights to which plaintiff is entitled to the use of his water through the two field ditches. All that is made definite is that he is entitled to the use of the water every ten or twelve days for nineteen and twenty hours. But when he is entitled to use it through one or the other or both of the field ditches is not determined by the trial court. Nor can we on the record before us determine it.

The case is therefore remanded to the trial court, with the two propositions settled (1) that the respondent, as a corporation, has not the right to regulate or distribute the waters of the creek as against the plaintiff without his consent, and (2) that he is entitled to the use of the water of the creek at intervals not greater than twelve days as heretofore indicated. The trial court is, however, directed to determine more definitely the manner of such use with respect to the several ditches, and for such determination the case is reopened, and either party is permitted to amend his pleadings, and to introduce additional evidence, if he desires. All costs incurred by plaintiff on this appeal, and all costs incurred by

him in the court below to date hereof, are to be taxed against respondent.

McCARTY, C. J., and FRICK, J., concur.